UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., | Civil Action No.: 13-1049 (JLL) |
| Plaintiff, | |
| v. | **OPINION** |
| SHARA & SONS, INC., et al., | |
| Defendants. | |

This matter comes before the Court by way of Defendant Bijal M. Patel's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 11]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is **denied**.

## BACKGROUND

Plaintiff's Complaint alleges, in pertinent part, that on or about August 17, 2008, Plaintiff Days Inn entered into a Franchise Agreement with Defendant Shara & Sons for the operation of a 66-room guest lodging facility in Lemoore, California (hereinafter, "Facility"). (Compl., ¶ 8). According to Plaintiff, pursuant to the Franchise Agreement, Shara & Sons agreed that, in the event of a termination, it would pay liquidated damages to Days Inn in accordance with a formula specified in the Franchise Agreement. (Compl., ¶ 16).

It is further alleged that, effective as of the date of the Franchise Agreement Defendant Bijal M. Patel provided Days Inn with a Guaranty of Shara & Son's obligations under the

Franchise Agreement. (Compl., ¶ 20). The Complaint alleges that, pursuant to the Guaranty, Defendant Bijal M. Patel agreed that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause [Shara & Sons] to perform, each unpaid or unperformed obligation of [Shara & Sons] under the [Franchise] Agreement." (Compl., ¶¶ 21, 49 Ex. C).

The Complaint goes on to allege that on or about April 27, 2011, Shara & Sons relinquished control of the Facility to a third-party without Plaintiff's consent. (Compl., ¶ 23). It is further alleged that by way of letter dated October 21, 2011, Plaintiff Days Inn acknowledged Shara & Son's termination of the Franchise Agreement effective April 27, 2011 and advised Shara & Sons that it was required to pay Days Inn, *inter alia*, the sum of $134,500.00 in liquidated damages for the premature termination of the Franchise Agreement.

Count Six of Plaintiff's Complaint alleges that, despite his obligation to do so pursuant to the terms of the Guaranty, Defendant Bijal M. Patel has failed to make any payments or perform or cause Shara & Sons to perform its obligations under the Franchise Agreement.

In light of the foregoing, Plaintiff Days Inn filed a Complaint against Shara & Sons and Bijal M. Patel on February 21, 2013. This Court's jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332. Defendant Bijal M. Patel has filed a motion to dismiss Count Six of Plaintiff's Complaint. This Count, which appears to be the only count asserted against this particular defendant, contains a breach of contract claim. Since this Court exercises its diversity jurisdiction over this action, the law to be applied is that of the forum state—New Jersey. *See Am. Cyanamid Co. v. Fermenta Animal Health*, 54 F.3d 177, 180 (3d Cir. 1995).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendant's motion.

## ANALYSIS

Count Six contains a breach of contract claim against Defendant Bijal M. Patel. Defendant Bijal M. Patel now moves to dismiss this claim on the basis that "the purported guaranty upon which Plaintiff pleads its breach of contract claim is invalid and unenforceable."

(Def. Br. at 4). In particular, Defendant argues:

> The guaranty fails on its face as a contract because the elements essential to the formation of any contract are simply absent. Patel never had the opportunity to bargain or negotiate for the guaranty. There was neither a meeting of the minds between the parties nor mutual assent to the guaranty's creation. It is impossible for Patel to have formed the intent to enter into the guaranty contract because he simply did not know of its existence, nor had any reason to. Patel was also unaware of the franchise agreement which it supports. Furthermore, Patel never actually signed the Guaranty. His father Mahesh Patel, signed "Bijal M. Patel" to the Guaranty without his son's knowledge, authority or consent to do so.

Defendant goes on to explain:

> The facts plead regarding Bijal's alleged involvement in the Franchising Agreement and Guaranty are simply untrue. Mahesh never spoke to his son about signing a Franchise Agreement nor did he mention the Guaranty. At no time was Bijal contacted by the Plaintiff regarding the Franchise Agreement. The actual formation of Shara & Sons and all of its business activities, including the signing of the Franchise Agreement and the subordinate Guaranty contract were all conducted exclusively by Mahesh Patel. Bijal played no role in the formation of the subject business relationship between Shara & Sons and Days Inns. Bijal simply would not have consented to the Guaranty had he known of it.

(Def. Br. at 6).

It is clear that Defendant's motion raises a number of factual issues. Although Defendant Bijal M. Patel ultimately might succeed in advancing the foregoing arguments, the standard on a motion to dismiss is not whether Plaintiff's claim(s) will ultimately succeed or even the probability of their success; rather, in order to state a claim for purposes of Rule 12(b)(6), Plaintiff must simply allege "enough fact to raise a reasonable expectation that

4

discovery will reveal evidence" in support of such claim(s). *Twombly*, 550 U.S. at 556. Defendant does not claim that Plaintiff has failed to meet this pleading standard; rather, Defendant urges the Court to test the actual merits of Plaintiff's breach of contract claim at this time. This is inappropriate on a Rule 12(b)(6) motion, particularly before the parties have had the benefit of discovery. *See generally Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Twombly*, 550 U.S. at 570). To the extent Defendant urges the Court to consider documents extraneous to the Complaint (including an Affidavit submitted by Mahesh Patel) by converting Defendant's 12(b)(6) motion into one for summary judgment pursuant to Rule 56, Defendant's request is denied.

To state a claim for breach of contract under New Jersey law, the plaintiff must allege facts demonstrating that: "(1) the parties entered into a valid contract, (2) the defendant did not perform his or her obligations under the contract, and (3) the plaintiff suffered damages as a result." *See Murphy v. Implicito*, 392 N.J.Super. 245, 265 (App. Div. 2007). Plaintiff's Complaint alleges that, effective August 17, 2008, Days Inn entered into a valid agreement with Defendant Bijal M. Patel, namely, the Guaranty. (Compl., ¶ 20). The Complaint alleges that, pursuant to the Guaranty, Defendant Bijal M. Patel agreed that upon Shara & Son's default under the Franchise Agreement, he would "immediately make each payment and perform or cause [Shara & Sons] to perform, each unpaid or unperformed obligation of [Shara & Sons] under the [Franchise] Agreement." (Compl., ¶¶ 21, 49 Ex. C). The Complaint goes on to allege that Shara & Sons, in fact, defaulted under the Franchise Agreement, thereby triggering Defendant

5

Bijal M. Patel's obligation to Days Inn under the Guaranty, but that Defendant Bijal M. Patel has, to date, failed to make any payments or otherwise perform his obligations under the Guaranty. (Compl., ¶ 50). Plaintiff has also attached a copy of the Guaranty to its Complaint. *See* Compl., Ex. C.

In light of the foregoing, the Court finds that Plaintiff Days Inn has alleged sufficient facts, which, if accepted as true, state a facially plausible breach of contract claim under New Jersey law. Defendant Bijal M. Patel's motion to dismiss is therefore denied.

## CONCLUSION

For the reasons set forth above, Defendant Bijal M. Patel's motion to dismiss [Docket Entry No. 11] is **denied**. An appropriate Order accompanies this Opinion.

Date: October 7, 2013            s/ Jose L. Linares
                                                        Jose L. Linares, U.S.D.J.